IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARTHA J. TILLERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07cv975-CSC |
| | ) | (WO) |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

### I.  Introduction

The plaintiff, Martha J. Tillery ("Tillery"), applied for disability insurance benefits

pursuant to Title II of the Social Security Act,  42 U.S.C. §§ 401, *et seq.*, alleging that she

was unable to work because of a disability.   Her application was denied at the initial

administrative level.  Tillery then requested and received a hearing before an Administrative

Law Judge ("ALJ") on April 7, 2006.  A supplemental hearing was conducted on August 17,

2006.  Following the supplemental hearing, the ALJ also denied the claim.  The Appeals

Council rejected a subsequent request for review.  The ALJ's decision consequently became

the final decision of the Commissioner of Social Security ("Commissioner").[1]  *See Chester*

*v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the court for review

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

pursuant to 42 U.S.C. § 405 (g) and § 1631(c)(3).  Pursuant to 28 U.S.C. § 636(c)(1) and

M.D. Ala. LR 73.1, the parties have consented to entry of final judgment by the United States

Magistrate Judge.  Based on the court's review of the record in this case and the briefs of the

parties, the court concludes that the decision of the Commissioner should be reversed and this

case remanded to the Commissioner for further proceedings.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the

person is unable to

> engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to result
> in death or which has lasted or can be expected to last for a continuous period
> of not less than 12 months. . . .

To make this determination,[2] the Commissioner employs a five-step, sequential

evaluation process.  *See* 20 C.F.R. § 404.1520, §416.920.

> (1)  Is the person presently unemployed?
> (2)  Is the person's impairment severe?
> (3)  Does the person's impairment meet or equal one of the specific
> impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4)  Is the person unable to perform his or her former occupation?
> (5)  Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next
> question, or, on steps three and five, to a finding of disability.  A negative
> answer to any question, other than step three, leads to a determination of "not
> disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

2

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. Administrative Proceedings

Tillery was 42 years old at the time of the hearing before the ALJ. (R. 665.) She completed eleventh grade and obtained a graduate equivalency diploma. (R. 666.) Tillery's prior work experience includes working as an assembler, security guard, warehouse clerk,

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker,* 651 F.2d 408 (5th Cir. 1981) (Unit A).

embroidery machine operator, and circuit board installer. (R. 666, 689, 691.) The ALJ found that Tillery's major depressive disorder, osteoporosis, status post multiple abdominal surgeries, lumbar osteoarthritis, cervical spurs, fibromyalgia, and status post thoracic compression fractures are severe impairments. (R. 22.) Next, the ALJ determined that Tillery has the residual functional capacity to perform unskilled work at the light exertional level, with no climbing of ladders, ropes, or scaffolds, occasional stooping, crouching, kneeling, and crawling, and with only occasional interaction with the general public. (R. 23.) In addition, the ALJ concluded that Tillery is capable of returning to her past relevant work as an embroidery machine operator. (R. 28.) Accordingly, the ALJ concluded that Tillery is not disabled. (R. 29.)

## IV. The Plaintiff's Claims

As stated by Tillery, she presents the following issues for the court's review:

(1)    The ALJ's finding that Tillery can perform light work is not based on substantial evidence, as such a finding is not supported by the opinions of any physician of record.

(2)    The ALJ's finding that Tillery retains the residual functional capacity to perform her past relevant work as an embroidery machine operator is not based on substantial evidence.

(3)    The Appeals Council committed reversible error in failing to remand this matter to the ALJ for consideration of new evidence.

## V. Discussion

Tillery raises several issues and arguments related to this court's ultimate inquiry of

4

whether the Commissioner's disability decision is supported by the proper legal standards and by substantial evidence. *See Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987). However, the court pretermits discussion of Tillery's specific arguments because the court concludes that the Commissioner erred as a matter of law, and thus, this case is due to be remanded for further proceedings.

Tillery asserts that the ALJ's determination that she is able to perform her past work as an embroidery machine operator is not based on substantial evidence because the ALJ failed to consider the mental demands of her past work. In his analysis, the ALJ determined as follows:

> Office notes from South Central Alabama Mental Health Center dated April 8, 1994 to December 10, 2002, and from East Central Mental Health/Mental Retardation dated February 12, 1987 to November 2, 2005, show the claimant's treatment for major depression. . . . In a Psychological Evaluation dated August 3, 2004, J. Walter Jacobs, Ph.D., diagnosed the claimant with major depression, recurrent, moderate. . . . In a Mental Residual Functional Capacity Assessment dated August 26, 2004, Dr. Ellen N. Eno indicated that the claimant is moderately limited in her ability to understand and remember detailed instructions, to carry out detailed instructions, and to maintain attention and concentration for extended periods. . . . In a Pyschiatric Review Technique dated August 26, 2004, Dr. Eno indicates that the claimant is mildly limited in her activities of daily living, and in maintaining social functioning, and is moderately limited in maintaining concentration, persistence, or pace. . . . Great weight is accorded this expert's opinion as it is consistent with other evidence in the record, including activities of daily living, dearth of treatment sought and conservative treatment received, and medical findings based on medically

acceptable clinical and laboratory diagnostic techniques.[4]

(R. 25.)  The ALJ further concluded:

> As for the limitations the claimant experiences as a result of her depression, the record reflects only moderate limitations in maintaining social functioning and in maintaining concentration, persistence, or pace, and mild limitations in her activities of daily living.

(R. 27.)

The ALJ discredited Tillery's testimony concerning her mental limitations based on the "dearth" of medical treatment.  While failure to seek treatment is a legitimate basis to discredit the testimony of a claimant, it is the law in this circuit that poverty excuses non-compliance with prescribed medical treatment or the failure to seek treatment.  *Dawkins v. Bowen*, 848 F.2d 1211 (11th Cir. 1988).  During the hearing, Tillery testified that she went "a few times to the mental health place . . . but [that she] does not have the money to go like [she is] supposed to. . . ."  (R. 668.)  In a supplemental hearing, Tillery also stated that she avoids going to a doctor "unless [she] just [has] got to" because she cannot afford insurance and that she does not have enough money to pay a physician.  (R. 694.)  In addition, the medical records are replete with references to Tillery's inability to afford medical treatment.  (R. 140, 167, 172, 174, 199, 295, 377, 381, 385, 440, 480-81, 485.)  For example, in July 2004, a mental health therapist noted that Tillery was unable to afford her prescription for

---

[4]Each time Tillery describes her activities of daily living, she qualifies her ability to carry out those activities by indicating that she does them when she can based on how she is feeling.  Reading the ALJ's opinion would lead to the erroneous conclusion that Tillery expressed on limits on her ability to clean, cook or shop.  That is simply not the case.

Elavil. (R. 381.) In August 2004, a mental health therapist also noted that Tillery's inability to afford insurance and medication "may limit her frequency of therapy." (R. 377.) The record further demonstrates that, on occasion, medical personnel provided samples of anti-depressant medication. (R. 199, 385, 480-81.) When discrediting Tillery's pain testimony and concluding the lack of mental health records establish that Tillery has the residual functional capacity to return to her past relevant work, the ALJ failed to consider whether Tillery's financial condition prevented her from seeking medical treatment. Thus, the court concludes that the ALJ erred as a matter of law in discrediting Tillery's testimony based on her failure to seek medical treatment.

Moreover, the court is unable to conclude whether the Appeals Council's determination that the additional medical evidence did not provide a basis for changing the ALJ's decision is supported by substantial evidence. Because additional evidence was submitted and considered by the Appeals Council after the ALJ's decision, the proper inquiry is whether the Appeals Council's decision to deny benefits is supported by substantial evidence in the record as a whole. *See Ingram v. Astrue*, 496 F.3d 1252, 1262-64 (11th Cir. 2007).

The record indicates that new evidence considered by the Appeals Council includes a consultative report from Fred George, a clinical psychologist. After reviewing Tillery's medical history and conducting an examination in January 2007, Dr. George diagnosed Tillery as suffering from major depression, multiple episodes, severe with psychotic features; panic disorder; posttraumatic stress disorder, severe; and personality disorder, NOS. (R.

7

543.) The psychologist concluded that, due to Tillery's depression and the severity of her anxiety symptoms, Tillery would be unable to persist in a job setting, relate to co-workers, supervisors, or members of the general public, or cope with job stresses and changes in a work environment. (*Id*.) In addition, the psychologist strongly recommended that Tillery undergo psychiatric consultation and supportive psychotherapy.[5] (*Id*.) The Appeals Council, however, determined that the psychologist's opinion did not provide a basis for changing the ALJ's decision. (R. 10.) When considering the mental health specialist's determination that Tillery's mental conditions would prevent her from performing work coupled with the Commissioner's failure to consider whether Tillery's financial condition prevented her from seeking medical treatment, the court is unable to determine whether the Appeals Council's decision is supported by substantial evidence.

The court also notes that the record includes medical records that are difficult to read or illegible. The Commissioner has a duty to develop a full and fair record. *Kelley v. Heckler*, 761 F.2d 1538 (11th Cir. 1985). After carefully reviewing the medical records, the court concludes that the Commissioner erred in failing to fully develop the record regarding Tillery's possible impairments. It is apparent that the records are not completely copied so it is impossible for the court to determine the significance of some of the evidence. For example, the photocopied medical records include documentation partially covered by another written note, as well as illegible handwriting. (R. 367, 527.) Thus, the court is

---

[5]That recommendation is certainly consistent with the disturbing number of instances in the medical records reporting that Tillery expressed suicidal ideations. (R. 118, 127, 251, 257, 260) In concluding that her mental impairment was moderate, the ALJ did not consider these entries.

unable to determine whether the Commissioner's determination was based on substantial evidence. Consequently, this case is due to be reversed and remanded to the Commissioner.

### V.  Conclusion

Accordingly, the court concludes that this case be reversed and remanded to the Commissioner for further proceedings consistent with this opinion. It is further

ORDERED that, in accordance with *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1278 fn. 2 (11th Cir. 2006), the plaintiff shall have sixty (60) days after she receives notice of any amount of past due benefits awarded to seek attorney's fees under 42 U.S.C. § 406(b). *See also Blitch v. Astrue*, 261 Fed. Appx. 241, 242 fn.1 (11th Cir. 2008).

A separate order shall accompany this opinion.

Done this 18th day of July, 2008.


        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE